UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DJAMEL AMROUNE<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>    Plaintiff,<br><br>    v.<br><br>EMBASSY OF THE REPUBLIC OF IRAQ,<br>3421 Massachusetts Ave N.W.<br>Washington, D.C. 20007<br><br>Serve:    Fuad Hussein<br>           Minister of Foreign Affairs<br>           Iraqi Ministry of Foreign Affairs<br>           Baghdad 220<br>           Salhieh District<br>           Salhieh Street<br>           Behind Al Zawari Park<br>           Baghdad, Iraq<br><br>Serve Also:  Fuad Hussein<br>           Minister of Foreign Affairs<br>           c/o Embassy of the Republic of Iraq<br>           1801 P Street, NW<br>           Washington, D.C. 20036<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*  Civil Action No.<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**COMPLAINT**

Djamel Amroune ("Plaintiff"), by and through his undersigned counsel, submits his Complaint for relief against his former employer, the Embassy of the Republic of Iraq ("Defendant"), in the form of recovery of earned and unpaid wages, statutory liquidated damages, and attorney's fees and costs for violations of the District of Columbia Wage Payment Act ("DCWPA"), and for other relief, as follows:

## PARTIES

1. Plaintiff is an adult resident and domiciliary of the Commonwealth of Virginia.

2. During the period relevant to this action, Plaintiff performed substantial and ongoing employment duties for Defendant's primary benefit at and in Defendant's Washington, D.C. Embassy.

3. Defendant is an agency or instrumentality of the Republic of Iraq.

4. During the period relevant to this action, Defendant conducted substantial and ongoing commercial and diplomatic activities within the District of Columbia at or out of Defendant's Washington, D.C. Embassy.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330 because this Court has original jurisdiction over any nonjury civil action against a foreign state or its agents or instrumentalities so long as it is not entitled to sovereign immunity.

6. Defendant Embassy is not entitled to sovereign immunity in this matter because it consented to jurisdiction under the terms of its contract with Plaintiff, and because the matter falls squarely within the commercial activity exception to sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(2).

## FACTS

7. On or about May 1, 2010, Plaintiff commenced his employment with Defendant to perform Chef and related cooking duties for the primary benefit of Defendant and its United States Ambassador at or in Defendant's Washington, D.C., Embassy.

8. At no time during Plaintiff's period of employment did Plaintiff perform employment duties as a civil servant and never worked for the Government of Iraq.

9. At no time during Plaintiff's period of employment did Plaintiff perform any diplomatic duties, but rather exclusively performed cooking-related duties.

10. At all times during Plaintiff's period of employment, Plaintiff performed his work in a diligent manner that was praised by Defendant's Ambassador and was fully satisfactory to Defendant.

11. At all times, the employment duties Plaintiff performed for Defendant were of a type that could have been performed by any employee in the United States with the requisite training and experience as a chef.

12. In the performance of Plaintiff's employment duties for Defendant, Plaintiff did not hold, and Defendant did not require, Plaintiff to have or seek training in foreign or cultural affairs, or knowledge of the diplomatic aims or policies of the Iraqi Government.

13. While employed, Plaintiff worked under the terms and conditions of employment contracts drafted by the Iraqi Embassy or Ministry of Foreign Affairs.

14. The most recent iteration of Plaintiff's contract, setting forth Plaintiff's contractual rights and Defendant's contractual duties relevant to this action, is entitled "Local Employees Contract" and was executed by Plaintiff and Defendant on or about December 31, 2019 ("the Contract").

15. While employed, Plaintiff's work was governed by the obligations set forth in the Contract, and not by Iraqi civil service law.

16. While employed, and pursuant to the express terms of the Contract, Plaintiff performed cooking-related duties for Defendant for which Defendant paid Plaintiff wages as a salary, paid once per month, in the amount of Four Thousand Eleven Dollars and Zero Cents ($4,011.00).

17. Pursuant to Section 7 of the Contract, through the performance of his employment duties for Defendant under the Contract, Plaintiff earned and was entitled to expressly promised "End of Service Benefit" wages, paid by Defendant to Plaintiff in the amount of one (1) month salary for each year of Plaintiff's service.

18. On or about May 22, 2023, following Plaintiff's completion of Thirteen (13) years of employment duties, Plaintiff served Defendant with a letter notifying Defendant that, for personal reasons identified in the letter, Plaintiff was resigning his position and identified June 22, 2023, as his requested or anticipated last date of employment.

19. Within Plaintiff's May 22, 2023, letter to Defendant, Plaintiff notified Defendant, "The [Contract] states that I am entitled to End of Service Benefit amounting to one-month salary for each year of my service.  I am respectfully requesting 13 months of salary, for my 13 years of work."

20. With an understanding of the personal reasons necessitating Plaintiff's resignation, and gratitude for Plaintiff's Thirteen (13) years of dedicated exceptional service, expressed directly to Plaintiff by Defendant's Ambassador, Defendant accepted Plaintiff's resignation, and Plaintiff concluded his employment with Defendant shortly thereafter in or about July 2023.

21. Plaintiff's employment was not terminated by Defendant for any absence from work or for any disciplinary reason.

22. At the conclusion of Plaintiff's employment, Plaintiff was entitled to payment of earned "End of Service Benefit" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($4,011.00 per month * 13 years of employment service = $52,143.00).

23. At and after the conclusion of Plaintiff's employment, Defendant, through Defendant's Ambassador expressly confirmed to Plaintiff that Plaintiff did in fact earn and that Defendant was obligated to pay Plaintiff "End of Service Benefit" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00).

24. Following the conclusion of Plaintiff's employment, Defendant was required to pay Plaintiff earned "End of Service Benefit" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00).

25. Without legal excuse or justification, Defendant failed or refused to pay Plaintiff his earned "End of Service Benefit" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00).

26. In the several months following the conclusion of Plaintiff's employment with Defendant, Plaintiff corresponded with Defendant and Defendant's Ambassador notifying Defendant and Defendant's Ambassador that Defendant had failed or refused to pay Plaintiff his earned "End of Service Benefit" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00).

27. Notwithstanding Plaintiff's entitlement to payment and receipt of his earned "End of Service" wages, Defendant's express agreement as to Plaintiff's entitlement to the same, and Plaintiff's multiple post-employment attempts to compel Defendant to pay Plaintiff the same, Defendant has continued to unlawfully withhold and fail to pay Plaintiff his earned "End of Service Benefit" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00).

**COUNT 1**
**FAILURE TO PAY EARNED WAGES**
**DCWPA**

28. Plaintiff incorporates by reference and re-alleges each allegation herein alleged in paragraphs 1-29 of this Complaint with the same force as if set out here in full.

29. Under the terms of the Contract with Defendant, Plaintiff earned, and Defendant owed Plaintiff "End of Service Benefit" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00).

30. Plaintiff's "End of Service Benefits" promised in the Contract were earned by Plaintiff by his full and satisfactory performance of employment duties for Defendant's primary benefit, compliance with all conditions precedent set forth in the Contract, and constitute "Wages" under the DCWPA.

31. As set forth above, without legal excuse or justification, Defendant failed or refused to fully or timely pay Plaintiff his earned "End of Service Benefit" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00) following his resignation for personal reasons and the conclusion of Plaintiff's employment with Defendant as required by the DCWPA.

32. Defendant's failure or refusal to fully and timely pay Plaintiff his earned "End of Service Benefit" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00) constitutes a *per se* violation of the full and timely wage payment requirement set forth under the DCWPA.

33. Arising from Defendant's violation of the full and timely wage payment requirement set forth under the DCWPA, Defendant has caused Plaintiff to suffer substantial damages, for which the DCWPA now requires Defendant to pay Plaintiff his earned "End of Service Benefit" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00), plus statutorily mandated liquidated damages in three times (3x) Plaintiff's withheld wages ($156,429.00) (quadruple (4x) damages in the amount of $208,572.00), plus payment of Plaintiff's attorney's fees and costs.

## COUNT 2
## BREACH OF CONTRACT

34. Plaintiff incorporates by reference and re-alleges each allegation herein alleged in paragraphs 1-33 of this Complaint with the same force as if set out here in full.

35. As set forth above, Plaintiff and Defendant mutually assented to the terms and conditions of a valid, binding, and enforceable contract for Plaintiff's local employment at or in Defendant's Embassy of Iraq within Washington, D.C.

36. Under the terms of the Contract, upon the conclusion of Plaintiff's employment for personal reasons, Plaintiff held a contractual right and Defendant held a contractual duty to pay Plaintiff earned "End of Service Benefits," one month's salary for each year of Plaintiff's employment at Plaintiff's most recent monthly salary, in the amount of $52,143.00 ($4,011.00 per month * 13 years of service = $52,143.00).

37. Defendant materially breached the Contract and its duty to pay Plaintiff his earned "End of Service Benefits."

38. Defendant's material breach of the Contract caused Plaintiff to suffer resulting damages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00).

**PRAYER FOR RELIEF**

WHEREFORE, for good cause set forth in this Complaint, Plaintiff respectfully requests that this Honorable Court Order the following relief:

1. Declare Defendant's above-described actions in violation of the DCWPA;

2. Declare Defendant in material breach of its duties to or for the benefit of Plaintiff under the Contract;

3. Enter Judgment for Plaintiff and against Defendant on all Counts contained herein;

4. Award Plaintiff his earned "End of Service Benefits" wages in the amount of Fifty-Two Thousand One Hundred Forty-Three Dollars and Zero Cents ($52,143.00);

5. Award Plaintiff mandatory DCWPA statutory liquidated damages in the amount of One Hundred Fifty-Six Thousand Four Hundred Twenty-Nine Dollars and Zero Cents ($156,429.00);

6. Award Plaintiff his reasonable costs and attorney's fees arising from Plaintiff's prosecution of this Complaint at the rates set forth in the "LSI Laffey" matrix approved by this Court in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000), pursuant to DCWPA Section 32-1308(b);

7. Award Plaintiff pre-judgment interest, and post-judgment interest; and

8. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

ZIPIN, AMSTER & GREENBERG, LLC

  /s/  *Gregg C. Greenberg*
Gregg C. Greenberg, DC Fed. Bar No. MD1729
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: (301) 587-9373
Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiff*