# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DJAMEL AMROUNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EMBASSY OF THE REPUBLIC OF IRAQ | )  Case No. 1:23-cv-03445-ABJ |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Embassy of the Republic of Iraq, through counsel, respectfully submits this Notice to alert the Court to the United State Court of Appeals for the District of Columbia Circuit's recent decision in *Agha v. Republic of Iraq*, No. 24-874, 2024 WL 4957219 (D.C. Cir. Dec. 3, 2024) ("*Agha*"), which is relevant to the Court's consideration of the Defendant's Motion to Dismiss Plaintiff's Complaint in the instant matter.

In its Motion to Dismiss, Defendant argued that Plaintiff failed to state a violation of the D.C. Wage Payment and Collection Law ("D.C. Wage Law"), as Defendant is a foreign sovereign and does not fall within the definition of an "employer" for the purposes of that law.

The D.C. Circuit examined the same issue in *Agha* and found that the comprehensive definition of "employer" found in the D.C. Wage Law, D.C. Code § 32-1301(1B), does not include a foreign sovereign such as Iraq and that Iraq is not subject to the statute.[1] The Court

---

[1] The D.C. Wage Law provides that the term "employer":

> includes every individual, partnership, firm, general contractor, subcontractor, association, corporation the legal representative of a deceased individual, or the receiver, trustee, or successor of an individual, firm, partnership, general contractor, subcontractor, association, or corporation, employing any person in the District of Columbia; provided

reasoned that "[i]t is doubtful that the D.C. Council intended for the D.C. Wage Law silently to apply to foreign sovereigns when it expressly excluded the United States and District of Columbia in their capacities of employers." *Agha*, 2024 WL 4957219, at *2.

To the best of the knowledge of counsel for Defendant, *Agha* represents the first ruling on the question of whether foreign states meet the definition of "employer" contained in the D.C. Wage Law. A copy of the decision is attached as an exhibit hereto.

Respectfully submitted,

Dated: January 11, 2025

_____/s/_____
Joshua Erlich, DC Bar No. 1011008
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd., Ste. 700
Arlington, VA  22209
Tel:    (703) 791-9087
Fax:    (703) 722-8114
Email: jerlich@erlichlawoffice.com

*Counsel for Defendant*

---

that the word "employer" shall not include the government of the United States, the government of the District of Columbia, or any agency of either of said governments, or any employer subject to the Railway Labor Act (45 U.S.C. § 151 et seq.).

D.C. Code § 32-1301(1B).

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 11th day of January, 2025, I electronically filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all interested parties.

                   By: /s/
                      Joshua Erlich